**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ARISTEO ESCOBAR MEJIA; MINGA ESCOBAR,<br><br>            Petitioners,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 10-71101<br><br>Agency Nos.  A099-890-135<br>                        A099-890-136<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:      ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Aristeo Escobar Mejia and Minga Escobar, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir 2005). We deny in part and dismiss in part the petition for review.

Escobar Mejia contends that a rival bus business targeted him on account of his family membership. Substantial evidence supports the BIA's finding that, assuming without deciding Escobar Mejia's family could qualify as a particular social group, Escobar Mejia has not shown his family or any other statutorily protected ground was or will be one central reason for any persecution he suffered or might suffer in Guatemala. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). We reject Escobar Mejia's contention that the BIA required that family be "the central reason" because it is belied by the record. Because Escobar Mejia has not shown the harm he suffered or fears is on account of a protected ground, his asylum and withholding of removal claims fail. *See Ochoa*, 406 F.3d at 1172.

10-71101

Finally, we lack jurisdiction over any challenge to the denial of CAT relief because Escobar Mejia did not raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**